UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Symphony T. Thomas<br>1903 Berkshire Street<br>Philadelphia, PA 19124<br><br>            Plaintiff,<br><br>      v.<br><br>Contract Callers, Inc.<br>2829 Philmont Avenue<br>Huntingdon Valley, PA 19006<br><br>            Defendants | :<br>:<br>:<br>:  \*JURY DEMANDED<br>:<br>:<br>:<br>:  No.<br>:<br>:<br>:<br>:<br>: |

## CIVIL ACTION COMPLAINT

### I. Parties and Reasons for Jurisdiction.

1.     Plaintiff, Symphony T.Thomas (hereinafter "Plaintiff") is an adult individual residing at the above address. Plaintiff is a citizen of Pennsylvania.

2.     Defendant, Contract Callers, Inc. (hereinafter "Defendant") is a corporation organized by and operating under the laws of the State of Georgia and having a corporate headquarters in Augusta, Georgia and with a principle place of business at the above captioned address. Defendant is a citizen of Georgia.

3.     At all times material hereto, Defendant is a collections company that provides bill collection for municipal entities, businesses, energy and gas utilities. At all times, Plaintiff worked out of the Defendant's location at 2829 Philmont Avenue in Huntingdon Valley, Pennsylvania.

4.     Defendant qualifies as Plaintiff's employer pursuant to Title VII of the civil Rights Act and the Pennsylvania Human Relations Act ("PHRA").

5. Plaintiff has exhausted her administrative remedies pursuant to the Equal Employment Opportunity Act and the Pennsylvania Human Relations Act. (See Exhibit A, a true and correct copy of a "right-to-sue" letter issued by the Equal Employment Opportunity Commission and her dual filing certification with the Pennsylvania Human Relations Commission.

6. This action is instituted pursuant to Title VII of the Civil Rights Act, the Pennsylvania Human Relations Act and applicable federal law.

7. Jurisdiction is conferred by 28 U.S.C. §§ 1331 and 1343.

8. Supplemental jurisdiction over the Plaintiff's state law claims is conferred pursuant to 28 U.S.C. § 1367.

9. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant conducts business in this district, and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district. Plaintiff was working in the Eastern District of Pennsylvania at the time of the illegal actions by Defendant as set forth herein.

## II. Operative Facts.

10. In September 2014, Plaintiff was hired by Defendant as a contractor who performed winter surveys. Plaintiff's essential job involved travelling to residential homes to survey the home to determine whether people resided in the home, whether individuals and families resided in the home and whether there was electric service going to the residence.

11. Plaintiff performed this work subject to an agreement between Contract Callers, Inc. and PECO Energy Company.

11. From the very beginning of her employment, Plaintiff noticed female employees of Defendant treated poorly as compared to male employees.

12. Women were not provided uniforms designed for women.

13. Flame resistant uniforms provided by Defendant for use by women, including Plaintiff were male uniforms.

14. As a result of Plaintiff wearing a male uniform, she presented a sloppy and unprofessional image as her uniform was too big and ill fitting.

15. Plaintiff complained several times to her immediate supervisor, a man named Tyrese Lawrence about the ill fitting uniform and Mr. Lawrence refused to remedy the issue, telling Plaintiff, "this is work, you're not going to the nightclub."

16. Plaintiff complained about the uniforms to the Human Resources professional, Ms. Anne Wheeler, who was appropriately upset about the fact that Plaintiff was required to wear a male uniform.

17. Ms. Wheeler advised Plaintiff that she would see to it that female uniforms were provided, but no female uniforms were ever provided to the women employed doing field surveys.

18. At all times material hereto, the ratio of male to female employees similarly situated to Plaintiff was disproportionately skewed to the men. There were approximately forty (40) male employees and at all times only three (3) women, including Plaintiff.

19. When she started in September 2014, Plaintiff was hired to perform notices and take surveys.

20. The notices were delivered to the front door of residents who had failed to pay their PECO bill and were overdue in paying their PECO bill and were thus scheduled to have their electric service shut off.

21. Plaintiff was paid $15.50 per hour to deliver shut off notices.

22. However, other male employees were permitted to perform service shut offs.

23. Male employees performing shut offs were paid $15.50 per hour plus $0.75 per automatic shut off and $3.00 per manual shut off.

24. Depending on the day, it was possible for a male employee to perform between twenty five (25) and fifty (50) shut offs per work day.

25. Despite numerous requests to be trained and permitted to perform shut offs, Plaintiff was denied this opportunity.

26. At the time Plaintiff was trained in September 2014, she trained alongside another man named Kyle Branche who was hired around the same time as Plaintiff.

27. Mr. Branche was trained to perform shut offs almost immediately and was performing shut offs despite being hired near or at the same time as Plaintiff.

28. Defendant's denial of the Plaintiff's request for the training and opportunity to perform shut offs was solely based on the fact that Plaintiff was a woman.

29. Male employees hired by Defendant subsequent to the Plaintiff's hiring were trained and permitted to perform shut offs.

30. Of the other three women employed by Defendant only one of those women, Denise Durden, was permitted to perform shut offs.

31. Upon information and belief, Ms. Durden only was trained and permitted to perform shut offs after working for Defendant for over seven (7) years, whereas male employees were hired and routinely allowed to begin performing shut offs immediately.

32. Plaintiff was denied an equal opportunity to perform shut offs and theat denial was based solely on the fact that she is a woman.

33. Plaintiff complained about this disparate and unfair treatment several times, which complaints were constantly ignored.

34. As a direct and proximate result of Defendants' conduct towards Plaintiff, Plaintiff sustained great economic loss, future lost earning capacity, lost opportunity, loss of future wages, as well emotional distress, humiliation, pain and suffering and other damages as set forth below.

**III. Causes of Action.**

### COUNT I – EMPLOYMENT DISCRIMINATION
### (42 U.S.C.A. § 2000e-2(a))

35. Plaintiff incorporates paragraphs 1-34 as if fully set forth at length herein.

36. Defendants took adverse action against Plaintiff by refusing to permit her to perform shut offs.

37. Plaintiff's status as woman places her in a protected class.

38. Plaintiff's membership in a protected class was a motivating factor in Defendants' decision to terminate her employment.

39. Plaintiff suffered disparate treatment, compared to her similarly situated male co-workers as set forth above.

40. As such, Defendant's conduct as respects to Plaintiff's employment is an unlawful employment practice, under 42. U.S.C. § 2000e-2(a).

41. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

42. As a result of the conduct of Defendant's owners/management, Plaintiff hereby demands punitive damages.

43. Pursuant to the Civil Rights Act of 1964, 42 U.S.C. §2000e-2(a), et seq, Plaintiff demands attorney fees and court costs.

**COUNT II – VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT
(43 P.S. § 955)**

44. Plaintiff incorporates paragraphs 1-43 as if fully set forth at length herein.

45. At all times material hereto, and pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq,, an employer may not discriminate against an employee based on sex and/or gender.

46. Plaintiff is a qualified employee and person within the definition of Pennsylvania Human Relations Act, 43 P.S. § 951, et seq,.

47. Defendant is an "employer" and thereby subject to the strictures of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq,.

48. Defendant's conduct as respects to Plaintiff's employment is an adverse action, was taken as a result of her sex and, as such, constitutes a violation of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq,.

49. Plaintiff was treated worse than similarly situated male employees.

50. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, loss of tips as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of her earning power and capacity and a claim is made therefore.

51. As a result of the conduct of Defendant's owners/management, Plaintiff hereby demands punitive damages.

52. Pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq Plaintiff demands attorneys fees and court costs.

## IV. Relief Requested.

**WHEREFORE,** Plaintiff Symphony Thomas demands judgment in her favor and against Defendant, Contract Callers, Inc., in an amount in excess of $150,000.00 together with:

A. Compensatory damages, including but not limited to: back pay, front pay, past lost wages, future lost wages. Lost pay increases, lost pay incentives, lost opportunity, lost benefits, lost future earning capacity, injury to reputation, mental and emotional distress, pain and suffering

B. Punitive damages;

C. Attorneys fees and costs of suit;

D. Interest, delay damages; and,

E. Any other further relief this Court deems just proper and equitable.

LAW OFFICES OF ERIC A. SHORE, P.C.

BY: _____
**GRAHAM F. BAIRD, ESQUIRE**
Two Penn Center
1500 JFK Boulevard, Suite 1240
Philadelphia, PA 19110

Attorney for Plaintiff, Symphony Thomas

Date: 10/14/16

# EXH. A

EEOC Form 161-B (11/09)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Symphony Thomas<br>1903 Berkshire Street<br>Philadelphia, PA 19124 | From: | Philadelphia District Office<br>801 Market Street<br>Suite 1300<br>Philadelphia, PA 19107 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2016-00019 | Legal Unit,<br>Legal Technician | (215) 440-2828 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**
Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA): This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Spencer H. Lewis, Jr.,
District Director

7/19/16
(Date Mailed)

Enclosures(s)

cc: Ann Wheeler, Human Resources Director
CONTRACT CALLERS, INC.
2829 Philmont Avenue
Huntingdon Valley, PA 19006

Graham F. Baird, Esq.
LAW OFFICES OF ERIC A. SHORE
2 Penn Center, Suite 1240
1500 John F. Kennedy Blvd.
Philadelphia, PA 19102

Enclosure with EEOC
Form 161-B (11/09)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you *receive* this Notice**. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – not 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*